**NICOLETTI HORNIG & SWEENEY**
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street, 7th Floor
New York, New York 10005
(212) 220-3830
Attorney: Lawrence C. Glynn (LG 6431)
NH&S File No.: 65000790 LCG

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

FORTIS CORPORATE INSURANCE a/s/o
SECO STEEL,

      Plaintiff,

-against-

M/V "ATLANTICA", her engines,
boilers, etc., SK SHIPPING and
DELFIC GRACE SHIPPING c/o
ALL OCEANS SHIPPING CO., LTD,

      Defendants.
---------------------------------------------------------x

Case No.: 08 CV 00001 (LTS)
(Magistrate Judge Henry Pitman)

**ACKNOWLEDGMENT OF SERVICE**

**ECF CASE**

  I acknowledge receipt of your request that I waive service of a Summons in this action in case number 08 CV 00001 (LTS) (Magistrate Judge Henry Pitman) – ECF Case in the United States District Court, Southern District of New York. I have received a copy of the Complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me. I have also received a copy of Magistrate Judge and District Judge Individual Rules, as well a copy of the Instructions for Filing an Electronic Case or Appeal; Procedures for Electronic Case Filing; and Guidelines for Electronic Case Filing.

  I agree to save the cost of service of a Summons and an additional copy of the Complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provide by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the Summons or in the service of the Summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after January 3, 2008, or within 90 days after that date if the request was sent outside the United States.

2-20-08
Date

Tisdale Law Offices

By: _Claurisse Campanale Orozco_
Signature
Printed/typed name: Claurisse Campanale Orozco
as Attorney (CC 3581)
{of Delfic Grace Co.}

Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the Summons and Complaint. A defendant who, after being notified of an action and asked to waive service of a Summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.
It is not good cause for a failure to waive service that a party believes that the Complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of he Summons retains all defenses and objections (except any relating to the Summons or to the service of the Summons), and any later object tot he jurisdiction of the court or tot the place where the action has been brought.
A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the Complaint and just also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. by waiving service, a defendant is allowed more time to answer then if the Summons has been actually served when the request for waiver of service was received.

X:\Public Word Files\65U90\LEGAL\Waiver of Service\Delfics.mar.doc

2